STATE OF LOUISIANA *v.* E. BADON.

Where the facts show that the Sheriff was authorized by the committing magistrate to take the bond of an accused, and the sureties on the bond were approved by him, and the bond is clothed with the formalities required by law, the sureties on it will be bound, on the failure of the principal to appear.

In calling upon the sureties on a bail bond to produce in court the body of the principal, the words "*instanter*" and "in open court," are not sacramental terms; it is sufficient when the accused has failed to appear, after having been called at the courthouse door, to call upon his sureties.

The failure of the Clerk to endorse a document as filed, which was offered in evidence, is of no consequence when the document is actually filed in the records, and is contained in the statement of facts.

APPEAL from the District Court of the Parish of Vermillionville, *Voorhies,* J. A. *Olivier,* District Attorney, for the State. *R. F. Patten,* for defendants and appellants.

VOORHIES, J. The appellants, who are the sureties of the accused on his bail bond, opposed its forfeiture in the lower court, on the ground : " That the said bond, or pretended bond, was taken and acknowled by *A. Légé,* Sheriff of the parish of Vermillion, without any authority of law to take or accept bonds in such cases ; and that said bond is drawn and made payable to the State of Louisiana, and not to the Governor of the State." This exception was overruled, and judgment of forfeiture was entered. Whereupon the sureties appealed.

We will proceed to notice the three points presented by the appellant's brief :

I. " That the bond was taken by the Sheriff, under a verbal demand or request of the Magistrate, and was never afterwards accepted by the Magistrate, or ratified by him by official order."

The obligation or recognizance on its face is a valid one ; and, if the Sheriff has been legally authorized to act in the premises, its forfeiture should be decreed.

The record contains a written order directed by the Magistrate to the Sheriff to take the bond of the accused for his appearance during the trial on the commitment, and a subsequent written order, admitting the accused to bail, upon furnishing his bond for the same amount. But in the latter order, the Magistrate does not specially delegate to the Sheriff the power to take the bond.

The two orders had in view the bailing of the defendant ; and it appears that under them, the Sheriff took but one bond. The first order has for its object the bailing of the prisoner pending the examination before the committing Magistrate, and the other order extended the time until the final disposition of the case before the District Court.

In inquiring whether the Sheriff was authorized to act in taking the bond in question, it is proper not to lose sight of the first order which expressly delegated this power to him. The subsequent filing of this bond and transmission of it to the District Court, by the Magistrate, may, at all events, be considered as an approval or ratification of the act of the Sheriff, if his authority could otherwise be questioned. In the very objection raised by the appellants, it is admitted expressly that the second order was accompanied by a verbal delegation of power from the Magistrate to the Sheriff.

In the case of the *State* v. *Wyatt,* 7 An. 702, the court said : " The Sheriff had

no power to bail the prisoner, but might perform the ministerial duty of taking the bond, when requested by the Magistrate. The Magistrate should have named and approved the security, and given a written order to the Sheriff to discharge the prisoner on his executing the bond ; but he proves that he sent the message to the Sheriff, and it is not for the security to dispute his own sufficiency, which the Magistrate subsequently approved. The proceedings of the Magistrate were extremely irregular, in such an important matter ; but the bond is most formal, was executed for a legal consideration, and has been forfeited, and judgment rendered upon it in strict conformity to law."

In the case of the *State* v. *Ansley,* 13 Ann. 299, Mr. Chief Justice Merrick, as the organ of the court, said : " Where a party enters into the obligation of suretyship for the appearance of a person charged with crime, he incurs a civil obligation, which, like all others, is to be considered in reference to the substance of of things. It is not an idle form ; it means something. Now what does the District Judge intend by his order ? What did the parties intend when they complied or attempted to comply with the same, and what obligation did they thereby incur ?

" We think, inasmuch as the accused was in the custody of the Sheriff or his deputies, it may fairly be inferred that the Sheriff and his deputies, (no other person being mentioned,) were intended as the proper persons to take the bond, and that neither the accused nor his sureties, who have put this construction upon the order of the court for the bond, and have secured his discharge upon this construction, can now be permitted to gainsay this conclusion, upon which they have acted."

Under all the circumstances of the present case, it must be conceded that the Sheriff, *Légé,* had sufficient authority to act in the premises ; and that the bond taken by him is not a nullity, inasmuch as it was based upon a written order of commitment and bail, and is clothed with all the forms and formalities required.

II. The second objection is : " That the securities were never called upon to produce *instanter* in open court, the person of the defendant or accused."

The appellants' counsel contends, in his brief, that although the sureties were called upon to produce the body of their principal, yet the words *instanter* and *in open court,* were not used. This is not a serious objection, and we cannot be expected to hold that these terms are sacramental. When the accused had been called at the courthouse door, and had failed to make his appearance at that time in open court, recourse was then had to his sureties, who were his legal custodians. The appellants themselves were not at the time mistaken upon the meaning of the action of the court, for it is but on appeal that they have discovered this objection.

III. The third objection is : " That the bond was not in evidence, or produced on the trial, or before the court, as a part of the proceedings, it having never been filed in court."

The first document offered in evidence by the District Attorney, as appears by the statement of fact, was *the bond dated 2d day of August,* 1858, *taken by A. Légé, Sheriff.* The case quoted in 12 An. 189, of *The State* v. *Wilson,* has no bearing whatever upon this point. The failure of a Clerk to endorse on a document that he has filed it, is of no consequence, when the document is actually filed in the records, and is carried on the statement of facts.

Judgment affirmed.